This ease was considered by the Court of Common Pleas, as depending on the principles of the foregoing one. There is, however, some difference between the cases in the articles of agreement: the vendee covenanted to pay sixteen dollars for each and every acre of the tract of land described in the agreement. There was a contract to procure a patent in the name of Mitchell, and give a conveyance. The conveyance was given, and the patent for the number of acres stated in the agreement in the name of Mitchell. The land was described as containing four hundred and twenty-nine acres and ninety-nine perches, with allowance. The land measured only four hundred and twenty acres and one hundred and thirty-seven perches. The difference here was what was naturally to be expected in running the lines of these old surveys: different instruments and different surveys will always cause a small difference in the calculátions. The most accurate surveyors would.differ in so small a degree as eight acres out of four hundred. If such a difference as this, where the sale is even by the acre, but with reference to the quantity fixed by the survey, and where the patent has been taken out and bonds given, tbe contract not remaining in in fieri, but executed, it would prove a most inconvenient matter, both to the vendor and the vendee, if they could rip up the transaction and subject the parties to a new charge or discharge; for if the vendor is to make an allowance for the deficiency, the vendor, years after, might insist on a resurvey, and demand payment for the most minute difference. I would consider the acceptance of the conveyance and the patent, and giving the bonds, as an agreement on both sides to abide by the estimated quantity in the official survey and patent, be the same more or less, and would not open the contract for future strife where the difference was so small as would be found in the resurvey of very many official surveys and returns.
Judgment reversed, and a venire facias de navo awarded,